IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR NASSAU COUNTY, FLORIDA
CIVIL DIVISION

AMY R. VICKERY,

    PLAINTIFF,

-VS-

OLAF E. ROENNSPIESS AND
GEICO MARINE INSURANCE     CASE NO.: 23-CA-000367
COMPANY,

    DEFENDANT.
_____/

## AMENDED COMPLAINT

COMES NOW, Plaintiff, AMY R. VICKERY, and respectfully alleges and makes her claim against Defendant, OLAF E. ROENNSPIESS AND GEICO MARINE INSURANCE COMPANY, as follows:

1. This is a negligence action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees. (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001.00" in the civil cover sheet for *jurisdictional purposes only*. (The Florida Supreme Court has ordered that the estimate "amount of claim" be set forth in the civil cover sheet for data collections and clerical purposes only). The actual value of Plaintiff's claim determined by a fair and just jury in accordance with Article 1,Sec. 21, Fla. Const.

2. At all times material hereto Plaintiff, AMY R. VICKERY was a resident of Nassau County, Florida.

1

3. At all material times, the Defendant, OLAF E. ROENNSPIESS, was operating a privately owned vessel, in and around Nassau County, Florida.

4. At all times material hereto, Defendant, OLAF E. ROENNSPIESS, was a resident of Houston, Texas.

5. At all times material hereto, Defendant, GEICO MARINE INSURANCE COMPANY, an insurance corporation, was authorized and doing business in Pinellas County, Florida.

6. DATE OF ACCIDENT: March 2, 2022

7. PLACE OF INCIDENT: In and around Nassau intercoastal, Florida.

8. VESSEL(s): (1) 1987 37' Tayana Sailboat named "LENA" (Roennspiess vessel) and (2) 1985 35' Marine Trading International Cabin Cruiser named "Barnacle Betty" (Vickery vessel)

9. FACTS OF INCIDENT: MS. AMY R. VICKERY was onboard her vessel docked at the Oasis Marina. OLAF E. ROENNSPIESS was attempting to dock his vessel in the slip next to hers and struck her vessel. While attempting to maneuver the vessel OLAF E. ROENNSPIESS caused his vessel to strike AMY R. VICKERY'S vessel a second time. As a result of the negligence of OLAF E. ROENNSPIESS, as set forth below, Plaintiff, AMY R. VICKERY, suffered serious injuries.

10. The causes of action asserted in this Claim arise under the Florida law and Maritime law where applicable.

11. At all times Defendant, OLAF E. ROENNSPIESS, owed a duty of reasonable care under the circumstances to Plaintiff, AMY R. VICKERY.

2

12. At all times material hereto the Vessel at issue, was owned, operated, managed, maintained and/or controlled by Defendant, OLAF E. ROENNSPIESS.

## COUNT I
## AGAINST OLAF E. ROENNSPIESS

Plaintiff, AMY R. VICKERY, re-adopts and re-alleges and incorporates by reference Paragraphs 1 through 11 as if originally alleged herein and further alleges:

13. At all material times, it was the duty of Defendant, OLAF E. ROENNSPIESS, to act with reasonable care under the circumstances towards Plaintiff, AMY R. VICKERY.

14. At all material times Defendant, OLAF E. ROENNSPIESS, was operating the Vessel owned by Defendant, OLAF E. ROENNSPIESS, for which was used for recreational purposes.

15. On or about March 2, 2022, Defendant, OLAF E. ROENNSPIESS, negligently operated the Vessel in and around the marina and injured the Plaintiff, AMY R. VICKERY.

16. Defendant, OLAF E. ROENNSPIESS, was negligent in one or more of the following ways:

   a. Failure to properly navigate the vessel;

   b. Failure to keep a lookout;

   c. Failure to maintain a safe speed;

   d. Failure to slow the vessel speed based on the conditions;

   e. Failure to use vessel instrumentation, observe vessel instrumentation, and/or failed to keep vessel instrumentation operational;

   f. Failure to appropriately maneuver the vessel;

   g. Operating the vessel too fast for the conditions;

    h. Failed to know and understand the waterways upon which he operated the vessel;

    i. Operated his vessel while impaired by alcohol or drugs.

17. At all times material hereto, Defendant, OLAF E. ROENNSPIESS, breached his aforementioned duties, when he failed to use reasonable care in the operation of the vessel.

18. As a proximate result of the negligence of Defendant, OLAF E. ROENNSPIESS, the Plaintiff, AMY R. VICKERY, suffered injuries and damages.

19. Due to the negligence of the Defendant, OLAF E. ROENNSPIESS, the Plaintiff was injured about her body and extremities, suffered pain therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, medical expenses of hospitalizations, medical and nursing care and treatment, and/or an aggravation of a previously existing condition. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Respondent/Plaintiff, AMY R. VICKERY, demands judgment against Defendant, OLAF E. ROENNSPIESS, for all compensatory damages awardable under the law including, attorney's fees, costs, and pre-and post-judgment interest, and demands a trial by jury of all issues so triable.

## COUNT II
## AGAINST GEICO MARINE INSURANCE COMPANY

At all times material hereto, Plaintiff, AMY VICKERY, had in force and effect a policy of insurance providing underinsured/uninsured boaters' coverage with Defendant, GEICO MARINE INSURANCE COMPANY.

9. This action is brought pursuant to Section 627.727, Fla. Stat., against Defendant, GEICO MARINE INSURANCE COMPANY as the underinsured/uninsured boater insurer for Plaintiff, AMY VICKERY.

10. Defendant, GEICO MARINE INSURANCE COMPANY, is responsible for underinsured/uninsured boaters' benefits as provided in the contract of insurance, specifically, Policy No. BSP5285537-01, a copy of which is in Defendant's possession. Alternatively, Defendant is responsible for underinsured/uninsured motorists' benefits pursuant to Section 627.727, Fla. Stat.

11. Plaintiff has furnished Defendant, GEICO MARINE INSURANCE COMPANY, timely notice of the boating collision and proof of the claim for damages described above and has otherwise performed all conditions precedent to entitle recovery under the underinsured/uninsured portion of the policy, but Defendant, GEICO MARINE INSURANCE COMPANY, has denied that coverage exists and/or refused to pay Plaintiff the full value of the claim, or said conditions precedent have been waived.

12. As a direct and proximate result of the negligence of OLAF E. ROENNSPIESS, Plaintiff suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are permanent or continuing and Plaintiff will suffer the losses into the future.

WHEREFORE, Plaintiff, AMY VICKERY, demands judgment against Defendant, GEICO MARINE INSURANCE COMPANY, in excess of Fifty Thousand Dollars ($50,000.00), and requests a trial by jury of all issues triable as of right by a jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to the Defendant via the Florida E-Filing Portal on this 6th day of September 2023: Michael R. D'Lugo, Esquire with Wicker Smith O'Hara McCoy & Ford PA 390 N. Orange Ave., Suite 1000, Orlando FL 32801 [orlcrtpleadings@wickersmith.com].

/s/ *Adam Brum, Esquire*
Adam Brum, Esquire
Florida Bar #: 999512
Morgan & Morgan
111 2nd Avenue NE, Suite 1600
St. Petersburg, FL 33701
Tele: (727) 318-6344
Fax: (727) 318-6382
Primary Email: abrum@forthepeople.com
Secondary Email:
sgibsonpeters@forthepeople.com
meichinger@forthepeople.com
Attorney for Claimant